UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 6:04-466-GRA-1 |
| v. | |
| Garrett Don Smith, | **ORDER** (Written Opinion) |
| Defendant. | |

This matter is before the Court for a ruling on Defendant's Motion for Damages filed on June 27, 2007. Defendant filled out a Standard Form 95, which is provided for claimants who allege damages under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* Defendant claims that the United States owes him $1,856,885,920 for personal injuries and property damage he sustained when he was wrongfully arrested and convicted for conspiracy to distribute methamphetamine and his property subsequently confiscated.

Defendant filed his motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberally construed, Defendant's motion challenges the validity of his conviction and demands monetary damages stemming from the violation of his constitutional rights.

A person wishing to challenge the validity of his federal conviction may do so by filing a *habeas corpus* petition under 28 U.S.C. §2255. A district court may construe

a post-conviction motion as a *habeas* petition under 28 U.S.C. §2255. However, if it would be the prisoner's first §2255 petition, the Court must first provide the prisoner with notice of its intention to construe the filing as a §2255 petition and an opportunity to respond. *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). This defendant filed a *habeas* petition under 28 U.S.C. §2255 on October 13, 2005. The Court dismissed the petition on January 18, 2006, and the Fourth Circuit affirmed. Therefore, the Court will construe this motion as a §2255 petition without notifying Defendant.

28 U.S.C. §2255 mandates that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant has not provided the Court with the necessary certification from the Court of Appeals. Therefore, dismissal is appropriate to the extent the motion requests *habeas* relief.

The Motion for Damages also requests a considerable sum for personal injury and property damage. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *Messer v. Kelly*, 1997 U.S. App. LEXIS 32192 (4th Cir.) (unpublished) (rationale of *Heck* applies to *Bivens* actions). Therefore, because Defendant has failed to establish that his conviction is invalid, he cannot recover damages for the alleged unconstitutional conduct that led to his arrest, conviction, and confiscation of his property.

IT IS THEREFORE ORDERED that Defendant's Motion for Damages, construed as a §2255 petition, is DISMISSED without service of process and without requiring Respondent to file an answer.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 3, 2007

Anderson, South Carolina

3

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.