UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Garrett Don Smith | ) | |
| | ) | C/A No. 6:04-cr-00466-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's July 13, 2007 Motion for Summary Judgment and Petitioner's August 3, 2007 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. The petitioner is challenging his conviction and sentence on twenty (20) different grounds, all of which rely on a discrepancy between the petitioner's alleged actual name and the name used throughout the District and Circuit Courts' documents.

Petitioner filed the immediate motion *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The petitioner's Motion for Summary Judgment does not specify which prior motion he is attempting to receive judgment on. When the petitioner filed the motion, there were no other outstanding motions on the docket. However, it appears

1

the petitioner was attempting to move for summary judgment on the petitioner's June 27, 2007 Motion to Vacate under 28 U.S.C. § 2255. This Court denied this motion on July 5, 2007. Therefore, the petitioner's Motion for Summary Judgment is moot, and denied as such.

The petitioner's second motion is a *habeas corpus* petition under 28 U.S.C. § 2255. A prisoner may challenge the validity of a federal conviction or sentence by filing a *habeas corpus* petition pursuant to 28 U.S.C. § 2255. However, Congress has significantly limited a prisoner's ability to file second or successive § 2255 petitions. In order to file a viable successive petition, the petitioner's motion must be certified by the Court of Appeals. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) (citing 28 U.S.C. § 2244(b)(3)). The petition for certification must contain: (1) "newly discovered evidence . . . [that] would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." *Winestock*, 340 F.3d at 205 (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

Petitioner's immediate motion is his third petition pursuant to § 2255. He filed his first *habeas corpus* petition on October 13, 2005; it was denied on January

18, 2006, and subsequently affirmed by the Fourth Circuit. He filed a second motion on June 17, 2007, entitled "Defendant's Motion for Damages." This Court construed portions of this motions as a second *habeas corpus* petition under § 2255. These claims were dismissed on July 3, 2007, for failure to certify them with the Court of Appeals. Petitioner then filed this, his third § 2255 motion, on August 3, 2007. The catalyst for the immediate petition appears to be a Report and Recommendation in which the same petitioner sought a "Rule 12(b)(2)(6) WRIT OF HABEAS CORPUS AD SUBJICIENDUM § 2241 RULE 60((b)(1),(2),(3),(4)" in C/A No.: 6:07-cv-01793-GRA-WMC. In denying the petitioner relief, the magistrate laid out the procedure to file a proper, successive § 2255 motion with this Court. However, Petitioner did not follow the magistrate's instruction to initially seek certification from the Court of Appeals. Therefore, the petitioner's August 3, 2007 § 2255 petition is dismissed as a successive, uncertified petition.

      IT IS THEREFORE ORDERED that the petitioner's Motion for Summary Judgment is DENIED as moot, and the petitioner's Motion to Vacate under § 2255 is DISMISSED as an uncertified, successive petition.

      IT IS SO ORDERED

      *[signature]*

      G. ROSS ANDERSON, JR.
      UNITED STATES DISTRICT JUDGE

August 14, 2007
Anderson, South Carolina

3

## NOTICE OF RIGHT TO APPEAL

Defendant is hereby notified that he has the right to appeal this Order within sixty (60) days from the date this Order is filed, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.