UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Garrin David Smith, | ) | C/A No.: 6:04-cr-00466-GRA |
| a/k/a Garrett Don Smith | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on petitioner's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner filed this motion on December 12, 2007. Because the motion, files and records of this Court show petitioner is entitled to no relief, this Court summarily DISMISSES the petitioner's motion.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

1

Both 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Motion Attacking

Sentence (28 U.S.C. § 2255) affect the disposition of petitioner's motion.  Title 28

U.S.C. § 2255 provides, in pertinent part, as follows:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 (2003).

Rule 4, of the Rules Governing Motion Attacking Sentence, states in pertinent

part as follows:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it [the § 2255 motion] is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Rule 4, Rules Governing Motion Attacking Sentence (28 U.S.C. § 2255).

Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual

is not permitted to "file a second or successive . . .  § 2255 motion to vacate

sentence without first receiving permission to do so from the appropriate circuit court

of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)(citations omitted).

Section 2255 provides:

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *See also* 28 U.S.C. §§ 2244, 2253.

The record reveals that Petitioner has filed three prior petitions for writ of habeas corpus, and all of them were construed as motions pursuant to § 2255. *See Smith v. United States of America*, No. 6:04-cr-00466. Petitioner filed his first *habeas corpus* petition on October13, 2005, it was denied on January 18, 2006, and subsequently affirmed by the Fourth Circuit. He filed a second motion on June 17, 2007, entitled "Defendant's Motion for Damages." This Court construed portions of this motion as a second *habeas corpus* petition under § 2255. These claims were dismissed on July 3, 2007, for failure to certify them with the Court of Appeals. Petitioner filed his third § 2255 motion, on August 3, 2007, and it was dismissed by this Court on August 14, 2007 for lack of authorization to file a second or successive petition.

This Court finds that the present petition for relief under § 2255 qualifies as a second or successive petition. In the absence of permission to file from the U.S. Court

3

of Appeals for the Fourth Circuit this petition must be dismissed.  Petitioner has not provided such permission.

IT IS THEREFORE ORDERED that petitioner's motion to vacate is DISMISSED without prejudice as a second or successive petition.

IT IS SO ORDERED.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 14, 2008

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.