UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Garrin David Smith, <br> a/k/a Garrett Don Smith, <br><br> Petitioner, <br><br> v. <br><br> United States of America, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No.: 6:04-cr-00466-GRA <br><br> **ORDER** <br> (Written Opinion) |

This matter is before the Court on Petitioner's motion filed pursuant to 28 U.S.C. § 2255 on May 30, 2008. For the reasons stated below, Petitioner's motions are denied.

Petitioner brings this claim pro se. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court

of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)(citations omitted).

Section 2255 provides:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (discussing process of certification before appropriate court of appeals).

This Court finds that the present petition for relief under § 2255 qualifies as a second or successive petition. Petitioner previously filed a petition for relief under §2255 on February 5, 2008, which this Court dismissed. *See United States v. Smith*, Cr. No. 6:04-cr-466, Docket Entry 93. In the absence of permission from the Fourth Circuit Court of Appeals to file this petition, it must be dismissed.

IT IS THEREFORE ORDERED that Petitioner's § 2255 motion is DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June __5__, 2008

**[Notice of Right to Appeal on Following Page]**

## **NOTICE OF RIGHT TO APPEAL**

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.