UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Garrin David Smith, aka Garrett Don Smith, )<br>　　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>United States of America 　　)<br>　　　　　　　　　　　　　　)<br>　　　　　　　Respondent. )<br>　　　　　　　　　　　　　　) | C/A No.: 6:05-cv-02932-GRA<br>　　　6:04-cr-00466<br><br>**ORDER**<br>(Written Opinion) |

　　　　This matter is before the Court on Petitioner's November 20, 2008 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. The petitioner is challenging his conviction and sentence on various grounds, all of which rely on a discrepancy between the petitioner's alleged actual name and the name used throughout the District and Circuit Courts' documents.

　　　　Petitioner brings this claim *pro se.* Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). This Court will construe the petitioner's motions liberally.

　　　　The petitioner was indicted April 21, 2004 for conspiracy to possess with intent to distribute fifty grams or more of methamphetamine and 500 grams or more of

1

ecstacy. The petitioner plead guilty pursuant to a plea agreement on September 3, 2004. On March 30, 2005, this Court sentenced the petitioner to 135 months imprisonment and five years supervised release. The petitioner filed a 28 U.S.C. § 2255 petition on which this Court ruled on January 18, 2006. In this order, the Court vacated and reinstated the petitioner's judgment to allow him to file an appeal. The Court dismissed all other claims on the merits. The petitioner filed another motion under 28 U.S.C. § 2255 on June 27, 2007. The Court dismissed this petition on July 3, 2007. The petitioner filed another motion under 28 U.S.C. § 2255 on August 3, 2007. This petition was also dismissed as successive on August 14, 2007. The petitioner filed his fourth motion to vacate on December 12, 2007. This Court denied that motion on January 14, 2008. The petitioner filed his fifth motion on February 5, 2008 and the Court again denied the motion on May 13, 2008. The sixth motion was field on May 30, 2008 and denied on June 5, 2008. The peitioner filed his seventh motion on July 21, 2008 which was denied on July 29, 2008. The Fourth Circuit denied the petitioner's certificate of appealability on October 29, 2008. The petitioner filed his eighth motion to vacate under 28 U.S.C. § 2255 on November 20, 2008. This petition was again filed without permission from the Fourth Circuit.

The petitioner's motion is a *habeas corpus* petition under 28 U.S.C. § 2255. A prisoner may challenge the validity of a federal conviction or sentence by filing a *habeas corpus* petition pursuant to 28 U.S.C. § 2255. However, Congress has significantly limited a prisoner's ability to file second or successive § 2255 petitions.

In order to file a viable successive petition, the petitioner's motion must be certified by the Court of Appeals. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) (citing 28 U.S.C. § 2244(b)(3)). The petition for certification must contain: (1) "newly discovered evidence . . . [that] would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." *Winestock*, 340 F.3d at 205 (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)). Petitioner has not received pre-filing authorization as it was denied by the Fourth Circuit, therefore, this court is without jurisdiction to hear this case.

The Court has ruled on the defendant's motion. The defendant has had his day in court. The defendant's continued filing of the same motion is an abuse of the judicial system. The defendant is prohibited from filing additional motions on this issue in this court. Violation of this order will subject the defendant to possible contempt of court subjecting the defendant to additional jail time and a possible fine.

IT IS THEREFORE ORDERED that the petitioner's Motion to Vacate under § 2255 is DISMISSED as an uncertified, successive petition.

IT IS ORDERED that the defendant not file any additional motions on this issue in this court violation of this order will subject the defendant to contempt of court proceedings resulting in possible additional jail time or a fine.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January 13 , 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Defendant is hereby notified that he has the right to appeal this Order within sixty (60) days from the date this Order is filed, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.